UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal No.: 4:17-cr-00866-RBH |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Brandon Michael Council, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for a ruling on the Government's "Motion to Permit Disclosure of the Competency Evaluation" and Defendant Brandon Michael Council's "Motion in Opposition to Mental Competency Examination and Premature Disclosure of Pretrial Psychiatric or Psychological Examination Report to the Government." *See* ECF Nos. 96 & 97. For the reasons explained below, the Court grants in part Defendant's motion and finds the Government's motion is moot.

## Background

At the pretrial/status conference on April 6, 2018, the Court—out of an abundance of caution—expressed its initial concerns regarding whether Defendant's competency would be an issue in this case, and if so, whether to promptly order a mental (i.e., psychiatric of psychological) evaluation of Defendant pursuant to 18 U.S.C. § 4241.[1] The Court asked counsel to submit memoranda regarding this issue, *see* ECF No. 93, and the parties filed the instant motions. *See* ECF Nos. 96 & 97. The Government also filed a response to Defendant's motion. *See* ECF No. 108.

## Applicable Law

Under § 4241, a defendant or the Government may move for a hearing to determine the defendant's mental competency, or the district court "shall order such a hearing on its own motion, **if**

---

[1] On March 22, 2018, the Court entered a Text Order directing the lawyers to be prepared to discuss the Court's consideration of a § 4241 evaluation at the April 6 conference. *See* ECF No. 83.

**there is reasonable cause** to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."[2] 18 U.S.C. § 4241(a) (emphasis added); *see United States v. Banks*, 482 F.3d 733, 742 (4th Cir. 2007) (explaining the reasonable cause standard applies "when neither party to a criminal trial moves for a competency hearing"); *United States v. Mason*, 52 F.3d 1286, 1289 (4th Cir. 1995) ("The district court must *sua sponte* order a competency hearing if reasonable cause is demonstrated."). "Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247 (b) and (c)." 18 U.S.C. § 4241(b).

"In determining whether there is reasonable cause to order a competency hearing, a trial court must consider all evidence before it, including evidence of irrational behavior, the defendant's demeanor . . . , and medical opinions concerning the defendant's competence." *Mason*, 52 F.3d at 1290. "Medical opinions are usually persuasive evidence on the question of whether a sufficient doubt exists as to the defendant's competence." *Id.* (internal quotation marks omitted). "Whether reasonable cause exists is a question left to the discretion of the district court." *United States v. General*, 278 F.3d 389, 396 (4th Cir. 2002).

## Discussion

On April 6, 2018, the Court explained its reasons for bringing the issue of competency to the

---

[2] "The test for determining competency in a federal court is whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as a factual understanding of the proceedings against him.'" *United States v. Basham*, 789 F.3d 358, 379 (4th Cir. 2015) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

parties' attention, and counsel for both parties have continuously represented that in their opinion a mental evaluation bearing on the issue of competency was unnecessary. Moreover, in his instant motion, Defendant "objects to such an examination as unwarranted," emphasizes he "has *not* placed his competence or mental health at issue," represents "the [C]ourt has before it no reason to doubt his present competency to stand trial," and states "the [C]ourt should not order a competency examination." ECF No. 97 at pp. 1, 3, 12.

Additionally, Defendant's Proposed Scheduling Order filed on April 4, 2018, contains a "Deadline for 18 U.S.C. 4241 Defense Mental Competency Motion" and states that "[i]n the event no motion is filed, the Defense shall file an *Ex Parte* declaration under seal explaining why such a motion was not filed." ECF No. 92-1 at p. 3. Defendant subsequently filed a Motion to Seal in conjunction with its instant "Motion in Opposition to Mental Competency Examination and Premature Disclosure of Pretrial Psychiatric or Psychological Examination Report to the Government," *see* ECF No. 102, and Defendant submitted for the Court's in camera review a declaration of defense counsel William F. Nettles, IV. The Government did not oppose the motion to seal, *see* ECF No. 106; the Court granted the motion, *see* ECF No. 114; and Mr. Nettles' declaration has now been filed under seal, *see* ECF No. 115.

Furthermore, the Court has not noticed any unusual behavior by Mr. Council at any hearing, and the Court is unaware of any unusual behavior before any magistrate judge. Defense counsel is fully aware, as they have indicated on the record, of their responsibilities regarding the issue of competency, and they have neither argued nor suggested that Mr. Council is incompetent to stand trial. *See, e.g.*, *United States v. Torrez*, 869 F.3d 291, 322 (4th Cir. 2017) (observing "[d]efense counsel's opinion about [the a]ppellant's competency was unequivocal"); *Tate v. True*, 264 F. App'x 314, 319 (4th Cir.

3

2008) ("[A] defendant's counsel is in the best position to evaluate a client's comprehension of the proceedings[.]"). Additionally, the Government has represented Mr. Council's competency to stand trial is not an issue from its perspective, and has filed a response stating it "defers to the Court's own evaluation in determining whether reasonable cause exists to question the Defendant's competency." ECF No. 108. Finally, the Court notes neither party has requested a mental evaluation or moved for a competency hearing at any time.

Based on the record, including the submissions and representations of counsel, the Court at this time does not have reasonable cause under 18 U.S.C. § 4241(a) to doubt Defendant's mental competency to stand trial.[3] Accordingly, the Court **GRANTS IN PART** Defendant's motion[4] and **FINDS AS MOOT** the Government's motion.

**IT IS SO ORDERED.**

Florence, South Carolina  
April 30, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[3] The Court emphasizes its initial consideration of a mental evaluation was simply a precautionary measure to avoid the issue of competency being raised at the eleventh hour. And again, § 4241(a) requires the district court to order a competency hearing "if there is *reasonable cause* to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a) (emphasis added).

[4] The Court **FINDS AS MOOT** Defendant's objection "to the [C]ourt's providing the [G]overnment with any competency report - - or with any other detailed information - - derived from Mr. Council's participation in a competency examination," ECF No. 97, as no § 4241 examination has been ordered.

4