UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal No.: 4:17-cr-00866-RBH |
| | ) | |
| v. | ) | **ORDER DENYING PRETRIAL DISCLOSURE** |
| | ) | **OF DEFENDANT'S MITIGATING FACTORS** |
| Brandon Michael Council, | ) | **LISTED IN 18 U.S.C. § 3592(a)** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant is charged with capital crimes involving two homicides for which he faces a possible sentence of death if convicted. *See* ECF Nos. 16 & 81. The matter is before the Court on the Government's "Motion for Pretrial Disclosure of Defendant's Proposed Mitigating Factors." *See* ECF No. 104. Defendant has filed a response in opposition. *See* ECF No. 112. As explained below, the Court will deny the Government's motion seeking *pretrial* disclosure. However, because Defendant has agreed to provide the Government a list of proposed mitigating factors following any guilty verdict on the homicide counts, the Court will require Defendant to provide that list within twelve hours of any such verdict.

**Background**

In its instant motion, the Government requests the Court to compel Defendant to disclose by October 12, 2018—approximately three months before trial—a list of the proposed mitigating factors he plans to use during the penalty phase of trial (should it proceed to that stage). *See* ECF No. 104. The Government asserts the Court "should exercise its inherent authority to compel" such disclosure. *See id.* at p. 5. Defendant has filed a response in opposition arguing such disclosure is (1) not required by statute or rule, (2) undermines his Fifth and Sixth Amendment rights, and (3) is neither legally required

nor practically necessary in this case. *See* ECF No. 112.[1]

## Discussion

**I.	Pretrial Disclosure of Mitigating Factors Is Not Required**

"Under the Federal Death Penalty Act ('FDPA'), [if] the jury finds the defendant guilty of an offense for which a death sentence is provided, the trial proceeds to the penalty phase." *United States v. Torrez*, 869 F.3d 291, 304 (4th Cir. 2017). The jury must consider both mitigating and aggravating factors in determining whether a death sentence is justified. *See generally* 18 U.S.C. § 3592. Section 3592 contains four distinct subsections: "**(a) Mitigating factors**," "**(b) Aggravating factors for espionage and treason**," "**(c) Aggravating factors for homicide**," and "**(d) Aggravating factors for drug offense death penalty**." *Id.* § 3592(a)–(d).[2] The three subsections listing aggravating factors—including subsection (c), which would presumably apply here—all begin with the identical language that "the jury, or if there is no jury, the court, shall consider each of the following aggravating factors **for which *notice* has been given** and determine which, if any, exist"; and they all end with the identical language that "[t]he jury, or if there is no jury, the court, may consider whether any other aggravating factor **for which *notice* has been given** exists. *See id.* § 3592(b), (c), (d) (emphases added). Thus, the aggravating factor subsections all require ***notice*** by the Government to Defendant. However, the subsection listing mitigating factors—§ 3592(a)—does not require, mention, or otherwise contemplate "notice" by Defendant to the Government. Indeed, the word "notice" is noticeably absent, as subsection (a) provides in full:

---

[1]    The Court is aware that at the April 6, 2018 pretrial/status conference, it directed the "Government to file [its] motion for disclosure of non-mental health mitigation factors by April 13, 2018." ECF No. 93. To clarify, this Order addresses the Court's ruling regarding the mitigating factors discussed in 18 U.S.C. §§ 3592(a) and 3593(c).

[2]    Interestingly, the Government's instant motion does not mention 18 U.S.C. § 359**2** and only discusses 18 U.S.C. § 359**3**. *See* ECF No. 104 at pp. 1–2. The Court discusses § 359**3** below.

- **(a)** **Mitigating factors.**—In determining whether a sentence of death is to be imposed on a defendant, the finder of fact shall consider any mitigating factor, including the following:

  - **(1)** **Impaired capacity.**—The defendant's capacity to appreciate the wrongfulness of the defendant's conduct or to conform conduct to the requirements of law was significantly impaired, regardless of whether the capacity was so impaired as to constitute a defense to the charge.
  - **(2)** **Duress.**—The defendant was under unusual and substantial duress, regardless of whether the duress was of such a degree as to constitute a defense to the charge.
  - **(3)** **Minor participation.**—The defendant is punishable as a principal in the offense, which was committed by another, but the defendant's participation was relatively minor, regardless of whether the participation was so minor as to constitute a defense to the charge.
  - **(4)** **Equally culpable defendants.**—Another defendant or defendants, equally culpable in the crime, will not be punished by death.
  - **(5)** **No prior criminal record.**—The defendant did not have a significant prior history of other criminal conduct.
  - **(6)** **Disturbance.**—The defendant committed the offense under severe mental or emotional disturbance.
  - **(7)** **Victim's consent.**—The victim consented to the criminal conduct that resulted in the victim's death.
  - **(8)** **Other factors.**—Other factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence.

*Id.* § 3592(a). To reiterate, the word "notice" or any similar term is conspicuously absent from subsection (a).

"Any statutory analysis necessarily begins with the plain language of the statute. When the statute's language is plain, the sole function of the courts—at least where the disposition required by

the text is not absurd—is to enforce it according to its terms." *United States v. Searcy*, 880 F.3d 116, 126 (4th Cir. 2018) (internal quotation marks, brackets, and emphasis removed). Furthermore, "a statute is to be read as a whole since the meaning of statutory language, plain or not, depends on context[.]" *United States v. Caro*, 597 F.3d 608, 633 (4th Cir. 2010) (construing a statute in the FDPA). The plain language of § 3592, when read as a whole, specifies notice must be given for aggravating factors but nowhere indicates notice must be given for mitigating factors. A plain reading of § 3592 could not be any clearer. If Congress had intended for defendants to give pretrial notice of their proposed mitigating factors, then it would have said so in subsection (a) or elsewhere in the FDPA. *See, e.g.*, *United States v. Marine*, 155 F.2d 456, 458–59 (4th Cir. 1946) (recognizing that when a court "ha[s] no manner of doubt from the plain words of the statute, considered in the light of the ordinary rules of statutory construction," the court is "not at liberty to alter or add to the plain language of the statute to effect a purpose which does not appear on its face"); *see, e.g.*, *United States v. Howard-Arias*, 679 F.2d 363, 369 (4th Cir. 1982) (interpreting the plain language of a statute and stating that when one subsection of the statute "explicitly stated" a particular element, then "it can be persuasively argued that had Congress intended that the same element . . . be included in [another subsection of the same statute], it would have said so"). The Court believes the plain language of § 3592 invalidates the Government's argument, but notes several additional reasons support its ruling that pretrial disclosure of mitigating factors is not required.

First, the Court can literally turn the page to the next section in the FDPA—18 U.S.C. § 3593—which also addresses "notice." *See generally Soliman v. Gonzales*, 419 F.3d 276, 282 (4th Cir. 2005) ("We are obliged to look to the statutory language as a whole, construing each section in harmony with every other part or section, because Acts of Congress should not be read as a series of unrelated

4

and isolated provisions." (internal quotation marks, alteration, and ellipsis omitted)). Subsection 3593(a) requires the Government to comply with certain requirements when filing and serving its notice of intent to seek the death penalty: one such requirement is that the "***notice*** . . . set[] forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death." 18 U.S.C. § 3593(a) (emphasis added). Meanwhile, subsection 3593(c) deals with the burdens of proof that the Government ("beyond a reasonable doubt") and the defendant ("by a preponderance of the information") bear in establishing the existence of aggravating and mitigating factors at a sentencing hearing; subsection (c) provides that "[t]he defendant may present any information relevant to a mitigating factor. The government may present any information relevant to an aggravating factor **for which *notice* has been provided under subsection (a).**" *Id.* § 3593(c) (emphasis added). Plainly, § 3593(c) juxtaposes mitigating and aggravating factors in two consecutive sentences and mentions notice for the latter but not the former. Again, the word "notice" or any similar term is conspicuously absent, and as the Government itself acknowledges in its motion, "the FDPA does not expressly impose a reciprocal duty on the defense[] requiring pre-trial notice of mitigating factors." ECF No. 104 at p. 1.

Second, the Court's "plain reading of the statute is reinforced by its legislative history." *United States v. Miltier*, 882 F.3d 81, 91 (4th Cir. 2018). As pointed out by Defendant (*see* ECF No. 112 at p. 3), proposed legislation was introduced in the 110th Congress that would have amended the FDPA and explicitly required a defendant to make pretrial disclosure of mitigating factors. *See* Death Penalty Reform Act, H.R. 851, 110th Cong. §§ 3–4 (2006), *available at* https://www.congress.gov/bill/110th-congress/house-bill/851/text (proposing to amend 18 U.S.C. § 3592(a) "by inserting 'for which notice has been provided'" and to amend 18 U.S.C. § 3593(b) to state

5

"[i]f . . . the government has filed notice seeking a sentence of death, the defendant shall, a reasonable time before the trial, sign and file with the court, and serve on the attorney for the government, notice setting forth the mitigating factor or factors that the defendant proposes to prove mitigate against imposition of a sentence of death."). This proposed legislation—including that quoted in the prior parenthetical—never passed. While the Court recognizes the arguments made by the Government encouraging pretrial disclosure,[3] the Court cannot rewrite the statute. These arguments could serve as a basis for amendment of the FDPA; however, for whatever reason, Congress has chosen not to do so.

Third, at least three other district courts have ruled against pretrial disclosure of a defendant's mitigating factors.[4] *See United States v. Con-ui*, No. 3:13-cr-00123-ARC, at ECF No. 1157 (M.D. Pa. June 2, 2017); *United States v. McCluskey*, 2013 WL 12329717 (D.N.M. July 2, 2013); *United States v. Lujan*, 2011 WL 13210666 (D.N.M. May 18, 2011). The district judges in these cases addressed arguments similar to those lodged by the Government in the instant case (including the notion of "inherent authority"[5]), and in *McCluskey* and *Lujan*, the judges explicitly recognized the FDPA does

---

[3] These arguments include: (1) without sufficient time to investigate and prepare to rebut Defendant's proposed mitigating factors, the Government's right of rebuttal is illusory and the penalty phase will effectively become a trial by ambush; (2) pretrial disclosure of mitigating information may be necessary to select a fair and impartial jury; (3) if the Government objects to one or more mitigating factors, the Court's ability to review such an objection would be substantially enhanced with a schedule requiring pretrial disclosure; and (4) if disclosure occurs after the guilt phase, the Government is more likely to request time to effectively investigate and respond to Defendant's mitigating information. *See* ECF No. 104 at pp. 2–3. Yes, requiring pretrial disclosure would make matters more convenient for both the Court and the Government, but for now the Court is bound by the plain language of the FDPA.

[4] Neither party has cited and the Court has not located any opinion from the Fourth Circuit Court of Appeals or any other federal circuit court addressing this issue. The cases cited by both parties have no binding effect on this Court, and in any event, the plain language of the FDPA controls.

[5] Pursuant to Federal Rule of Criminal Procedure 57(b), this Court "may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Fed. R. Crim. P. 57(b). This rule deals with "such matters a[s] the mode of impaneling a jury, the manner and order of interposing challenges to jurors, the manner of selecting the foreman of a trial jury, the matter of sealed verdicts, the order of counsel's arguments to the jury, and other similar details." Fed. R. Crim. P. 57(b) advisory committee's note. Obviously, however, the Court does not have "'inherent power' to act in contravention of applicable Rules" or statutes. *Carlisle v. United States*,

not impose a reciprocal duty on the defendant to disclose the mitigating factors. *See McCluskey*, 2013 WL 12329717, at *1; *Lujan*, 2011 WL 13210666, at *2.[6] In each case, the district court denied the Government's motion to compel pretrial disclosure and ordered that disclosure was required only following a guilty verdict and before the penalty phase. *See Con-ui*, No. 3:13-cr-00123-ARC, at ECF No. 1157 (requiring disclosure "within 24 hours of a guilty verdict, if any"); *McCluskey*, 2013 WL 12329717, at *2 (requiring disclosure "on the next business day after a guilty verdict, if one is returned by the jury"); *United States v. Lujan*, 2011 WL 13210665, at *3 (D.N.M. Aug. 24, 2011) (requiring disclosure on the day that the "sentence selection phase" would begin).

Finally, the Court notes that information provided by the Federal Judicial Center[7] states in unambiguous terms that "[t]he defendant may attempt to prove any mitigating factor and ***is not required by statute to give notice of mitigating factors***." Molly Treadway Johnson & Laural L. Hooper, Federal Judicial Center, *Resource Guide for Managing Capital Cases, Volume I: Federal Death Penalty Trials*

---

517 U.S. 416, 428 (1996); *see, e.g.*, *id.* at 425 (explaining the "petitioner cannot rely on Federal Rule of Criminal Procedure 57 as the source of the District Court's authority in this case" given the clarity of another rule). To interpret the FDPA as the Government proposes would require the Court to impermissibly expand the FDPA in a manner not done so by Congress.

[6] *Lujan* in particular analyzed the interplay between the FDPA and Rules 16(b), 26.2, and 57(b) of the Federal Rules of Criminal Procedure, *Lujan*, 2011 WL 13210666, at *2, and the Court finds that analysis persuasive. The courts in *McCluskey* and *Lujan* also distinguished two of the decisions (*Catalan Roman* and *Wilson*, *infra*) upon which the Government relies in this case. *See McCluskey*, 2013 WL 12329717, at *2; *Lujan*, 2011 WL 13210666, at *2.

[7] The Federal Judicial Center ("FJC") was created by Congress and its "purpose [is] to further the development and adoption of improved judicial administration in the courts of the United States." 28 U.S.C. § 620(a); *Mistretta v. United States*, 488 U.S. 361, 390 n.15 (1989) ("Congress . . . has established the Federal Judicial Center which studies improvements in judicial administration."). Courts frequently rely on materials available through the FJC. *See, e.g.*, *Victor v. Nebraska*, 511 U.S. 1, 17 (1994); *United States v. Kise*, 369 F.3d 766, 774 (4th Cir. 2004); *United States v. Johnson*, 122 F. Supp. 3d 272, 311 n.39 (M.D.N.C. 2015). Though not binding, the FJC materials discussed herein are still persuasive authority on the matter.

7

at 54 (April 2004), https://www.fjc.gov/content/(emphasis added).[8]

## II.    The Cases Cited by the Government Are Distinguishable

The Government cites the following cases in support of its position: *United States v. Roof*, No. 2:15-cr-00472-RMG, at ECF No. 281 (D.S.C. July 26, 2016); *United States v. Tsarnaev*, 2014 WL 4823882, at *5 (D. Mass. Sept. 24, 2014); *United States v. Sampson*, No. 1:01-cr-10384-LTS, at ECF No. 1319 (D. Mass. Mar. 19, 2014); *United States v. Wilson*, 493 F. Supp. 2d 464, 465–66 (E.D.N.Y. 2006); *United States v. Taveras*, 2006 WL 1875339, at *8–9 (E.D.N.Y. July 5, 2006); *United States v. Catalan Roman*, 376 F. Supp. 2d 108, 111–18 (D.P.R. 2005).  *See* ECF No. 104 at pp. 1–5.

All these cases are distinguishable.  *Catalan Roman* is the only opinion that contains a substantive analysis, but there the court ordered disclosure (limited to "non-mental expert mitigation") only *after* a guilty verdict and the day before the penalty phase began.  *See* 376 F. Supp. 2d at 110. *Wilson* ordered disclosure but that was several days *after* trial was set to begin, *see* 493 F. Supp. 2d at 465–66, and the "opinion contains little analysis on the issue of timing, merely making a conclusory statement that the defendant would not be prejudiced."  *McCluskey*, 2013 WL 12329717, at *2 (unfavorably citing *Wilson*, 493 F. Supp. 2d at 466).[9,10] The *Taveras* order cited by the Government

---

[8]   The Court is aware of Defendant's arguments regarding the constitutionality of requiring pretrial disclosure, specifically that it could undermine his Fifth Amendment privilege against self-incrimination, his due process rights, and his Sixth Amendment right to assistance of counsel (revealing defense sentencing strategies before the trial stage, etc.).  *See* ECF No. 112 at pp. 1, 4–6, 12.  However, because it concludes the plain language of the FDPA does not require pretrial disclosure, the Court does not reach the issue of constitutionality.  *See generally Mobil Oil Corp. v. Virginia Gasoline Marketers & Auto. Repair Ass'n, Inc.*, 34 F.3d 220, 227 (4th Cir. 1994) ("It is well established that courts should refrain from addressing constitutional questions unless it is necessary to do so.").

[9]   Interestingly, in a prior order, the district court in *Wilson* favorably cited a passage from the previously discussed *Resource Guide for Managing Capital Cases*.  *See United States v. Wilson*, 354 F. Supp. 2d 246, 248 (E.D.N.Y. 2005).

[10]   Notably, the defendant in *Wilson* was convicted and sentenced to death, but the Second Circuit vacated his death sentences and remanded for a new sentencing phase.  *See United States v. Whitten*, 610 F.3d 168, 210 (2d Cir. 2010).

contains little helpful analysis and actually was issued after an "earlier order" that had required disclosure of mitigating factors.[11] *See Taveras*, 2006 WL 1875339, at *9. The *Sampson* order was merely a scheduling order with no analysis, *see Sampson*, No. 1:01-cr-10384-LTS, at ECF No. 1319, and it is critical to recognize the context in which it was issued—after the district court granted habeas relief pursuant to 28 U.S.C. § 2255, "vacated the death sentence[,] and ordered a new penalty-phase hearing," *Sampson v. United States*, 724 F.3d 150, 154 (1st Cir. 2013), and the disclosure required in *Sampson* was obviously after the guilt phase. *Tsarnaev* cites *Wilson*, *Catalan Roman*, and *Taveras* (which the Court has distinguished), and concludes in cursory fashion that pretrial disclosure is necessary to give the Government "a fair right of rebuttal" and to foster "'a more reliable sentencing determination.'" *Tsarnaev*, 2014 WL 4823882, at *5 (quoting *Catalan Roman*, 376 F. Supp. 2d at 114). While the *Tsarnaev* court emphasized its statutory discretion to require disclosure and both parties' statutory right of rebuttal at the sentencing hearing as set forth in § 3593(c), notably absent from *Tsarnaev* is a discussion of the relevant statutory language analyzed in the instant Order. Finally, disclosure in *Roof* was ordered pursuant to a "joint motion" that was "[s]ubject to [d]efendant's reservation of his objection to any requirement that he provide notice of mitigating factors," ECF No. 281, and the court in *Roof* acknowledged in a subsequent order that the "[d]efendant's disclosure of mitigating factors is not binding, in that [d]efendant may choose not to argue some disclosed factors and that [d]efendant may choose to argue some factors not disclosed." *United States v. Roof*, 2016 WL 8678863, at *2 (D.S.C. Oct. 14, 2016). And on a final note, both *Tsarnaev* and *Roof* are on appeal.

---

[11] The docket in *Taveras* shows the defendant opposed the prosecution's request for disclosure of mitigating factors, *see United States v. Taveras*, No. 1:04-cr-00156, at ECF No. 180 at p. 24 (E.D.N.Y. Apr. 24, 2006), but the docket does not appear to contain a written order reflecting the court's ruling. It appears the *Taveras* court made this "earlier" ruling orally, but the Government has not provided that oral ruling (i.e., by transcript) that could provide an analysis.

9

In sum, none of the aforementioned cases would change the Court's ruling. The Court cannot ignore the plain language of the FDPA—which does not require a defendant to make pretrial disclosure of proposed mitigating factors that he plans to use during the penalty phase.

## III. Defendant Agrees to Post-Guilty-Verdict Disclosure

The FDPA does provide the Government (and of course the defendant) the right to rebut information received at the sentencing hearing:

> The government and the defendant shall be permitted to rebut any information received at the hearing, and shall be given fair opportunity to present argument as to the adequacy of the information to establish the existence of any aggravating or mitigating factor, and as to the appropriateness in the case of imposing a sentence of death.

18 U.S.C. § 3593(c); *see McCluskey*, 2013 WL 12329717, at *1–2 (recognizing § 3593(c) gives the Government the right "'to rebut any information' presented in the penalty phase" and the "'fair opportunity to present argument as to any . . . mitigating factor'" at the sentencing hearing/penalty phase; "balanc[ing]" the parties' respective interests; and ordering post-guilty-verdict disclosure). In its response in opposition, Defendant cites several cases (*Con-ui*, *McCluskey*, and *Lujan*, *supra*) that ordered disclosure *after* the guilt phase (as indicated above), and he states "the defense—with no obligation to do so—will agree to provide the prosecution a list of proposed mitigating factors within **24** hours if there is a guilty verdict on the homicide counts." ECF No. 112 at pp. 7, 12 (emphasis added). However, in his previously filed proposed scheduling order, Defendant agreed to provide this list within **twelve** hours in the event of a guilty verdict. *See* ECF No. 92-1 at ¶ 7. Accordingly, based on Defendant's prior representation, the Court will order him to provide the Government the list within twelve hours of any guilty verdict on the homicide counts.

**Conclusion**

For the foregoing reasons, the Court **DENIES** the Government's Motion for Pretrial Disclosure of Defendant's Proposed Mitigating Factors [ECF No. 104]. **However, as indicated above, Defendant must provide the Government his list of proposed mitigating factors within twelve hours of any guilty verdict on the homicide counts, if one is returned by the jury.**

**IT IS SO ORDERED.**


Florence, South Carolina
May 2, 2018

<u>s/ R. Bryan Harwell</u>
R. Bryan Harwell
United States District Judge