UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal No.: 4:17-cr-00866-RBH |
| | ) | |
| v. | ) | **SUPPLEMENTAL ORDER REGARDING** |
| | ) | **JURY SELECTION PROCEDURES** |
| Brandon Michael Council, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Government and Defendant have filed motions requesting an order on jury selection procedures. *See* ECF Nos. 122 & 133. Both parties have responded to each other's motions, *see* ECF Nos. 144 & 145, and the Court is entering a separate order setting forth the jury selection procedures and related deadlines. *See* Order Governing Jury Selection Procedures. The instant Order addresses the two issues on which the parties could not agree: (1) the process for conducting individual voir dire of the prospective jurors, and (2) the process for exercising peremptory strikes.[1]

## **Discussion**

**I.     The Court Will Conduct Individual Sequestered Voir Dire with Follow-Up Questioning by Counsel**

The Government argues the Court should conduct both initial voir dire and any follow-up questioning sought by the parties (i.e., the attorneys would not directly ask the prospective jurors any questions). *See* ECF No. 122-1 at ¶ 24; ECF No. 145 at pp. 2–8. Defendant contends the Court should "conduct preliminary voir dire of prospective jurors and allow all relevant follow-up questioning by counsel." ECF No. 133 at p. 11; *see* ECF No. 144 at pp. 1–4.

---

[1] A third issue—the use of a district-wide petit jury—was agreed to by the parties. *See* ECF No. 145 at p. 2. Other than the two issues above (and the now-resolved district-wide jury issue), Defendant's response did not address the Government's proposed order regarding jury selection procedures.

"'Federal judges [are] accorded ample discretion in determining how best to conduct the voir dire.'" *United States v. Caro*, 597 F.3d 608, 614 (4th Cir. 2010) (alteration in original) (quoting *Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981)). Significantly, Federal Rule of Criminal Procedure 24 specifies that the district court may examine prospective jurors and permit the attorneys to ask further questions that the court deems proper. *See* Fed. R. Crim. P. 24(a). Moreover, information provided by the Federal Judicial Center[2] explains:

> Judges in death-penalty cases have taken a number of approaches with respect to allowing attorney participation in the voir dire process. **Most have allowed attorney participation in some form, even if this is not their standard procedure in criminal cases. Most frequently, judges allow attorneys to question the jurors directly, often placing a time limit on the questioning of each juror.**

Molly Treadway Johnson & Laural L. Hooper, Federal Judicial Center, *Resource Guide for Managing Capital Cases, Volume I: Federal Death Penalty Trials* at 40 (April 2004), https://www.fjc.gov/content/ (emphasis added). Finally, the Court notes that in *United States v. Tsarnaev*—a case relied upon by the Government—the jury selection process involved "question[ing] first by the court and then with follow-up from the parties." *In re Tsarnaev*, 780 F.3d 14, 25 (1st Cir. 2015) (approving this voir dire process as "thorough and appropriately calibrated to expose bias, ignorance, and prevarication").

While the Court's usual procedure in criminal cases is to not allow any direct questioning by the attorneys, the Court recognizes most other district courts allow some direct questioning by attorneys

---

[2] The Federal Judicial Center ("FJC") was created by Congress and its "purpose [is] to further the development and adoption of improved judicial administration in the courts of the United States." 28 U.S.C. § 620(a); *Mistretta v. United States*, 488 U.S. 361, 390 n.15 (1989) ("Congress . . . has established the Federal Judicial Center which studies improvements in judicial administration."). Courts frequently rely on materials available through the FJC. *See, e.g.*, *Victor v. Nebraska*, 511 U.S. 1, 17 (1994); *United States v. Kise*, 369 F.3d 766, 774 (4th Cir. 2004); *United States v. Johnson*, 122 F. Supp. 3d 272, 311 n.39 (M.D.N.C. 2015). Though not binding, the FJC materials discussed herein are still persuasive authority on the matter.

in death penalty cases. As the Supreme Court has said, "death is different." *See, e.g.*, *Harmelin v. Michigan*, 501 U.S. 957, 994 (1991); *Ford v. Wainwright*, 477 U.S. 399, 411 (1986); *Gregg v. Georgia*, 428 U.S. 153, 188 (1976). The Court believes attorney participation in voir dire is appropriate for this particular case. Having considered the parties' arguments, the Court concludes it will first conduct preliminary individual voir dire of the prospective jurors (who will be sequestered out of the presence of other jurors) and then allow all relevant follow-up questioning by counsel (the Government and then the defense) allowing generally five minutes per side.[3] The lawyers may, but are not required to, submit to the Court questions they wish the Court to ask, as more fully explained in the Court's Order Governing Jury Selection Procedures.

## II.  The Court Will Use the Struck Jury Method (Panel Strike Sheet List) for Exercising Peremptory Strikes

The Government argues the Court should use its standard procedure for exercising peremptory challenges after the panel is qualified (i.e, a "struck jury" with a panel strike list rather than a "strike-as-you-go"/jury box approach). *See* ECF No. 122 at ¶¶ 27–28; ECF No. 145 at pp. 9–10. However, Defendant asserts the Court should use the "strike-as-you-go" (i.e., jury box)[4] method of exercising peremptory challenges because it is more efficient than a "struck jury" method. *See* ECF No. 133 at pp. 17–19; ECF No. 144 at pp. 4–6.

> The method for exercising peremptory challenges depends upon the method of jury selection. In the "jury box" system of jury selection, the parties exercise their challenges against jurors already seated in the box, and who will remain on the jury unless

---

[3]  This five-minute time limit is not rigid and may be expanded depending on the particular circumstance. The Court reserves the right to terminate attorney voir dire should the Court find abuse or repeated improper questions.

[4]  *See United States v. Roof*, Crim. No. 2:15-cr-00472-RMG, at ECF No. 255 p. 5 (noting the "'strike-as-you-go'" system is synonymous with the "'jury box' system").

3

> challenged. . . . [T]he use of the "struck jury" method of jury selection [is] where the trial judge tenders to each party a list of qualified veniremen and each side exercises its peremptories against the names on the list.

*United States v. Ricks*, 802 F.2d 731, 733 (4th Cir. 1986). "The 'jury box' system tends to focus the parties' attention on one member of the venire at a time," while "[t]he 'struck jury' system, by contrast, emphasizes the overall complexion of the panel." *United States v. Blouin*, 666 F.2d 796, 798 (2d Cir. 1981).

"In federal criminal trials, Rule 24(b) specifies the number of peremptories allotted to both the accused and the prosecution, but the rule prescribes no particular method for their use." *Id.* Thus, "trial judges have broad discretion in structuring the method of exercising peremptory challenges so long as the litigants are on actual or constructive notice of the method to be used[.]" *United States v. Williams*, 986 F.2d 86, 88 (4th Cir. 1993) (internal quotation marks omitted and emphasis removed); *see also* Fed. R. Crim. P. 57(b) (stating a district court "may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district"); Fed. R. Crim. P. 57(b) advisory committee's note (explaining Rule 57(b) contemplates, *inter alia*, "such matters a[s] the mode of impaneling a jury [and] the manner and order of interposing challenges to jurors").

This Court's standard practice in both criminal and civil cases is the "struck jury" method using a panel strike sheet list of potential jurors with the parties alternating the exercise of their peremptory challenges. The Court sees no reason to deviate from its standard practice. Defendant's efficiency argument is not a sufficient reason justifying departure from the Court's standard practice, and the undersigned and other court personnel are already familiar with the struck jury method, which functions smoothly. The Court further observes the additional benefits of the struck jury procedure:

> The use of the struck panel method, a system of jury selection in which all challenges are exercised at the end of the voir dire process, maximizes the amount of time defendants and their counsel can consult regarding their use of peremptory strikes. The defendants see all prospective jurors before they exercise any challenges.

*United States v. Rudaj*, 2005 WL 2746564, at *4 (S.D.N.Y. Oct. 25, 2005). Accordingly, the Court will use the struck jury method for exercising peremptory strikes, whereby the parties will exercise their peremptory challenges by using a panel strike sheet list.

### **Conclusion**

For the foregoing reasons, the Court will (1) conduct individual sequestered voir dire with follow-up questioning by counsel and (2) use the struck jury method (panel strike sheet list) for exercising peremptory strikes. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the parties' motions [ECF Nos. 122 & 133] regarding these issues.

**IT IS SO ORDERED.**

| | |
|---|---|
| Florence, South Carolina<br>July 17, 2018 | s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Judge |