IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**BRANDON MICHAEL COUNCIL** | CR. NO.: 4:17-cr-00866-RBH<br><br>**ORDER GOVERNING JURY SELECTION PROCEDURES** |

**Initial Summons and Standard Juror Questionnaire**

1. On or about **October 1, 2018**, the Clerk shall send a jury summons along with instructions to immediately complete the Standard Jury Questionnaire to 2,000 persons whose names are randomly drawn from the qualified jury wheel in accordance with this district's Amended Jury Selection Plan. Subject to approval from the Chief Judge, prospective jurors will be randomly drawn from a district-wide pool in accordance with the Amended Jury Selection Plan.[1]

2. The Clerk's office shall follow its normal procedures for following up on undeliverable summonses and with regard to prospective jurors that do not complete the Standard Juror Questionnaire.

3. Copies of completed Standard Juror Questionnaires will be available to the parties starting on **November 9, 2018**, and will be produced to the parties in rolling batches beginning on this date and continuing as expeditiously as possible. To obtain copies of the Standard Juror

---

[1] http://www.scd.uscourts.gov/Forms/Jury/Jury_Selection_Plan.pdf

Questionnaires, counsel must submit a Form JA SCD 503 Juror Questionnaire and List Request[2] by **November 6, 2018**.

4. Pursuant to this district's Amended Jury Selection Plan, the Clerk of Court or her designee, the Jury Administrator, is hereby authorized to excuse jurors who seek to be excused for any of the following reasons, all of which are either *per se* grounds for excusal or bars to jury service:

    a. Persons over 70 years of age;

    b. Persons who have served as a federal grand or petit juror within the last 2 years;

    c. Persons having active care and custody of a child or children under 10 years of age whose health and/or safety would be jeopardized by their absence for jury service; or persons who are essential to the care of aged or infirm persons;

    d. Persons whose services are so essential to the operation of business, commercial or agricultural enterprise that it must close or cease to function if they are required to perform jury duty;

    e. Volunteer safety personnel who serve without compensation as firefighters or members of a rescue squad or ambulance crew for a public agency;

    **Full-time members of the following groups (f – h below) are barred from jury service.**

    f. Members in active service in the Armed Forces of the United States, defined in 10 U.S.C. § 101(a)(4) as including only the Army, Navy, Air Force, Marine Corps, and Coast Guard;

---

[2] http://www.scd.uscourts.gov/Forms/Jury/Juror_Questionnaire_List_Request_Form.pdf

g.  Members of the fire or police departments of any State, the District of Columbia, any territory or possession of the United States, or any subdivision of a State, the District of Columbia, or such territory or possession; or

h.  "Public officers" (i.e. persons either elected to public office or directly appointed by a person elected to public office) in the executive, legislative, or judicial branches of the Government of the United States, or of any State, the District of Columbia, any territory or possession of the United States, or any subdivision of a State, the District of Columbia, or such territory or possession, who are actively engaged in the performance of official duties.

Any other requests to be excused from jury service that do not fall into the above categories (a – h), including undue hardship or extreme inconvenience, shall be referred to the Court by the Jury Administrator along with the Jury Administrator's recommendation as to whether the prospective juror should be excused, exempted, disqualified, or deferred under the district's Amended Jury Selection Plan. The Court will notify counsel (providing counsel with the Jury Administrator's recommendation and the juror's written request, which will be filed under seal) as to whether it is proposing to excuse a prospective juror. The parties will then have 3 days to file any objection to excusing the prospective juror.

**Any objection to the above procedure for excusing jurors must be filed within 5 days of the date of this order.**

5. By noon (12:00 P.M) on **December 3, 2018**, the parties shall confer and submit[3] to the Court a Joint List of Prospective Strikes for Cause, based on responses to the Court's Standard Juror

---

[3] Any filings related to prospective jurors shall not include personal identifiers and should instead refer to the juror number. In the event any personal identifiers must be included, the filing must be under seal.

3

Questionnaire. The Joint List of Prospective Strikes for Cause will include any agreed upon strikes for cause and any strikes for cause for which there is a dispute. The parties shall use this Court's Joint Strikes for Cause form available on the Court's website: http://www.scd.uscourts.gov/Forms/Jury/Harwell_Joint_Strikes_for_Cause_Form.pdf.

Any juror on which there is an agreed upon strike for cause will be excused. The remaining jurors will be carried forward to the next stage of the jury selection process. For any such jurors who are carried forward to the next stage of the jury selection process, the objecting party <u>shall</u> renew its strike for cause on any subsequent joint strike for cause form. The next joint strike for cause form will be filed on January 9, 2019, after the Supplemental Case Questionnaires are completed. *See* ¶ 13.

6. The Clerk's office shall maintain its normal Venire file for this case, including, among other things, Original Master lists; documentation of undeliverable summonses, excused jurors, disqualified jurors, exempt jurors, deferred jurors, and jurors for which no response was received; and copies of completed questionnaires. The Clerk is directed to also keep within this Venire file any undeliverable summonses and any forms requesting that a prospective juror be excused from or deferred for jury service.

### Supplemental Case Questionnaire

7. On or before **October 22, 2018**, the parties shall submit under seal a Supplemental Case Questionnaire on which there is common agreement.[4] On the same date, the parties shall

---

[4] The Supplemental Case Questionnaire should include standard questions regarding the death penalty as well as standard questions that would normally be asked at voir dire in a criminal trial.

Additionally, the Court notes it intends to include on the finalized version of the Supplemental Questionnaire the names of the Government's guilt and penalty phase witnesses and Defendant's guilt phase witnesses, as the Supplemental Questionnaire will be completed by the prospective jurors after the deadlines for disclosure of these witnesses. Regarding Defendant's penalty phase witnesses, the Court will require disclosure of these witnesses at

also submit under seal any questions they propose including in the Supplemental Case Questionnaire but to which the opposing party objects, along with a brief on the areas of disagreement.

8. The Clerk will divide the remaining prospective jurors (those not yet excused) into 80-member panels, retaining the order established by the juror numbers. The first panel will be directed to report to the Federal Courthouse in Florence, South Carolina at **9:00 A.M**. on **January 3, 2019**. The second panel will be directed to report to the Federal Courthouse at **11:00 A.M.** on **January 3, 2019**. The third panel will be directed to report to the Federal Courthouse at **1:00 P.M.** on **January 3, 2019**. The fourth panel will be directed to report to the Federal Courthouse at **3:00 P.M.** on **January 3, 2019.** Additional panels will be directed to report on **January 4, 2019**, and thereafter as necessary, with a goal that 500 unexcused prospective jurors will have completed the Supplemental Case Questionnaire.

9. Each panel of 80 prospective jurors will be sworn by the Clerk and will then view a video recording of the undersigned United States District Judge introducing the jurors to the federal court system, explaining to the jurors the charges involved, and providing some preliminary instructions. Attorneys for the parties and the Defendant himself may be present while each group watches the video recording.[5]

10. The prospective jurors will then move to a different location in the Florence Courthouse and complete the Supplemental Case Questionnaire. The Jury Administrator or his delegate shall collect the completed questionnaires. After each prospective juror completes the

---

individual voir dire, and the Government shall utilize a fire-walled attorney for this portion of voir dire.

[5] The Court will make available to counsel a copy of its proposed script for comment or objection prior to a final version being used. Should a prospective juror show up late, they will be included in the next group.

questionnaire, they will receive instructions for reporting for individual voir dire and be excused for the day.

11. The Jury Administrator or his delegate will digitally scan the completed Supplemental Case Questionnaires and provide copies of the completed questionnaires to the parties via digital thumb drive as soon as practicable. A representative of each party shall sign an Acknowledgment of Receipt for each digital thumb drive received.

12. On or before **5:00 P.M.** on **January 8, 2019**, the parties shall confer on whether any prospective jurors should be excused for cause based on responses to the Supplemental Case Questionnaire or based on any other information known to the parties and the Court.

13. On or before **January 9, 2019**, the parties shall submit[6] to the Court a Joint List of Prospective Strikes for Cause, based on responses to the Supplemental Case Questionnaire. The Joint List of Prospective Strikes for Cause will include any agreed upon strikes for cause and any strikes for cause for which there is a dispute. The parties shall use this Court's Joint Strikes for Cause form available on the Court's website:

http://www.scd.uscourts.gov/Forms/Jury/Harwell_Joint_Strikes_for_Cause_Form.pdf.

Any juror on which there is an agreed upon strike for cause will be excused. The remaining jurors will be carried forward to the next stage of the jury selection process. For any such jurors who are carried forward to the next stage of the jury selection process, the objecting party <u>shall</u> renew its strike for cause.

---

[6] Any filings related to prospective jurors shall not include personal identifiers and should instead refer to the juror number. In the event any personal identifiers must be included, the filing must be under seal.

### Individual Voir Dire and Jury Selection

14. The Clerk will divide the remaining prospective jurors (those not yet excused) into two **10-member panels** to report on **January 14, 2019**, retaining the order established by the juror numbers. The first panel will be directed to report to the Federal Courthouse in Florence, South Carolina at **9:30 A.M.** on **January 14, 2019**, and the second panel will be directed to report to the Federal Courthouse in Florence, South Carolina at **2:00 P.M.** on **January 14, 2019**. Additional **15-member panels** will be directed to report on **January 15, 2019** at **9:30 A.M.** and again at **2:00 P.M.**, and thereafter as necessary, with a goal of qualifying 70 prospective jurors.

15. No later than **5:00 P.M.** on **January 11, 2019**, the lawyers may, but are not required to, submit under seal a list of proposed individual voir dire questions to be asked by the Court for the first 140 prospective jurors.

16. Each panel will be sworn by the Clerk and provided with preliminary instructions by the Court. The panel will then be directed to an assembly room. Individual sequestered voir dire will then commence.

17. Each prospective juror will be brought into the courtroom and questioned by the Court. The Court will conduct preliminary voir dire of the individual prospective juror and allow all relevant follow-up questioning by counsel allowing generally 5 minutes per side. The Court reserves the right to terminate attorney voir dire should the Court find abuse or repeated improper questions.

18. To the extent Defendant's penalty phase witnesses have not been disclosed to the government prior to individual voir dire, the government shall provide a fire-walled attorney

for the portion of individual voir dire regarding whether a prospective juror knows or is related to any of Defendant's penalty phase witnesses.

19. At the conclusion of individual voir dire examination of each prospective juror, the prospective juror will leave the courtroom and be provided further instructions from the Clerk.

20. After the prospective juror leaves the courtroom, the Court will hear from the parties as to whether they agree to accept the juror as qualified, whether they agree to excuse the juror, or whether they wish to present a contested challenge for cause on any basis for the Court's ruling.

21. Additional panels will be directed to report on **January 15, 2019**, and thereafter as necessary, with a goal of qualifying 70 prospective jurors.[7] These 70 prospective jurors will be directed to report to the courthouse on a specific day.

22. In accordance with this Court's standard procedures, Clerk staff will create a random list of 60 qualified jurors. On or about **January 21, 2019**, the parties will exercise their peremptory strikes from this randomized list of qualified jurors using the randomized numbers on the left-hand side of the strike list. The parties will strike alternately beginning with the Government. The remaining 16 individuals on this list, who are neither struck by a party nor excused by the Court for a last minute change in circumstances, will be empaneled. The first 12 will be seated as regular jurors and the next 4 will be alternates. Should either party waive all, or a portion, of their peremptory strikes, the first 16 individuals on the list, who are

---

[7] With 12 jurors and 4 alternates, and 20 peremptory strikes per side and 2 peremptory strikes each for alternates, only 60 prospective jurors are needed for a strike sheet. The goal of 70 prospective qualified jurors would provide a safety buffer of ten in the event some jurors are excused after individual voir dire.

neither struck by a party nor excused by the Court, will be empaneled and those remaining on the list will be excused.

IT IS SO ORDERED.

July 17, 2018  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge