UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal No.: 4:17-cr-00866-RBH |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Brandon Michael Council, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This capital case is before the Court on Defendant Brandon Michael Council's "Motion for New *Sentencing* Trial and/or for Judgment of Acquittal *As to Sentencing*." *See* ECF No. 866 (emphases added). The Government has filed a response in opposition to Defendant's motion. *See* ECF No. 867. The Court denies the motion for the reasons herein.[1]

## Discussion

Defendant has been convicted of two capital offenses—bank robbery resulting in death, in violation of 18 U.S.C. § 2113(a) and (e), and use of a firearm during and in relation to a crime of violence and causing death in such a manner to constitute murder, in violation of 18 U.S.C. § 924(c) and (j)—and sentenced to death for both offenses under the Federal Death Penalty Act ("FDPA").[2] He has now filed a motion seeking a new sentencing trial and/or judgment of acquittal as to his death sentences, pursuant to Federal Rules of Criminal Procedure 29(c) and 33(b)(2). *See* ECF No. 866.

**I.  Legal Standards**

Rule 29(c) provides that "[a] defendant may move for a judgment of acquittal . . . after the court discharges the jury," and that "[i]f the jury has returned a guilty verdict, the court may set aside the

---

[1]   The Court decides the motion without a hearing pursuant to Local Criminal Rule 12.06 (D.S.C.).

[2]   18 U.S.C. §§ 3591–99.

verdict and enter an acquittal." Fed. R. Crim. P. 29(c). It is unclear whether Rule 29 can be used to obtain a judgment of acquittal *as to a capital sentencing hearing*.³ *Compare United States v. Runyon*, 652 F. Supp. 2d 716, 718 (E.D. Va. 2009) (concluding that "Rule 29 . . . by its very terms, only applies to the guilt/innocence phase of trial" because "[q]uestions of 'acquittal,' 'conviction,' or 'guilty verdict' are inapposite to a sentencing hearing"), *and United States v. Sampson*, 335 F. Supp. 2d 166, 198–202 (D. Mass. 2004) (same), *with United States v. Lawrence*, 735 F.3d 385, 411 (6th Cir. 2013) (involving a Rule 29 motion raised in the context of a capital sentencing proceeding), *and United States v. Wilson*, 967 F. Supp. 2d 673, 677 & n.2 (E.D.N.Y. 2013) (same). In any event and regardless, a district court has "inherent judicial power" to entertain a post-trial motion regarding a defendant's capital sentencing hearing. *See Runyon*, 652 F. Supp. 2d at 718–19 (collecting cases). Generally, "[w]here physical facts and evidence are capable of more than one interpretation and reasonable inferences therefrom can be drawn by a jury, its verdict should not be disturbed. It is the jury's duty to weigh contradictory evidence and inferences, pass on the credibility of witnesses, and draw the ultimate factual conclusions." *Gomez-Jimenez*, 750 F.3d at 379 (internal citation omitted).

Rule 33 provides that "after the verdict" and "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a), (b)(2); *see, e.g.*, *United States v. Lee*, 274 F.3d 485, 491 (8th Cir. 2001) (involving a defendant's motion

---

³ *Typically*, Rule 29(c) permits a defendant to "move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). The court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." *United States v. Lefsih*, 867 F.3d 459, 465 (4th Cir. 2017). "The question is whether, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. White*, 810 F.3d 212, 228 (4th Cir. 2016) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "[T]he Government is given the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Gomez-Jimenez*, 750 F.3d 370, 378 (4th Cir. 2014) (internal quotation mark omitted).

for a "*new penalty hearing*" under Rule 33 (emphasis added)). "A trial court should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance when the evidence weighs heavily against it." *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018) (internal quotation marks omitted). When the evidence is "wholly sufficient" to support the jury's verdict, a Rule 33 motion must be denied. *United States v. Singh*, 518 F.3d 236, 250 (4th Cir. 2008).

## II. Defendant's Arguments

Defendant presents two arguments, which the Court will address in turn.

### A. Whether Certain Aggravating Factors Were Contradictory

Defendant argues that his death sentences should be set aside and that he should be resentenced because the Court erred in allowing the jury to find and weigh two "inherently contradictory" aggravating factors. *See* ECF No. 866 at pp. 2–5. Specifically, he asserts that the *statutory* aggravating factor of **Pecuniary Gain** conflicted with the *nonstatutory* aggravating factor of **Targeting Innocent Victims** and that no rational jury could have found both these aggravators because they were inherently contradictory. *Id.*

The Court has previously summarized the statutory (two total) and nonstatutory (four total) aggravators alleged in this case. *See* ECF No. 413. The **Pecuniary Gain** statutory aggravator alleged Defendant "committed the offense in the expectation of the receipt of anything of pecuniary value." ECF No. 16 at p. 6; ECF No. 603 at p. 2; *see* 18 U.S.C. 3592(c)(8). The **Targeting Innocent Victims** nonstatutory aggravator alleged Defendant

> displayed particularly cruel and callous disregard for human life by shooting both victims, who were unknown to him, multiple times at close range without warning and without provocation or resistance

3

>   from the victims, in spite of the fact that such violence was not necessary to successfully complete the robbery of the CresCom bank.

ECF No. 603 at p. 3 (emphasis added). The Court rejected Defendant's pretrial argument that the Pecuniary Gain and Targeting Innocent Victims aggravators were in conflict. *See* ECF No. 413 at pp. 9–10. The jury unanimously found both aggravators beyond a reasonable doubt.[4] *See* ECF Nos. 856 & 857 at pp. 3–4.

Defendant contends the jury's dual finding of both the Pecuniary Gain and Targeting Innocent Victims aggravators—which he claims were inherently contradictory—violated his rights to due process and to a reliable sentencing determination under the Fifth and Eighth Amendments. *See* ECF No. 866 at p. 4. He argues, "Because jurors were invited to find both contradictory factors, they were freed from the important task of determining [his] motivation." *Id.*[5]

First, the Court finds the evidence clearly supported the jury's findings on **both** the Pecuniary Gain and Targeting Innocent Victims aggravators at issue. Moreover, the Court disagrees with Defendant's argument that these two aggravators were inconsistent, contradictory, or in conflict with each other. The factor alleging Defendant killed in expectation of pecuniary gain was not in conflict with the factor alleging Defendant targeted innocent victims. As the Government argued in its previous briefing:

>   The fact that the Defendant could have secured the gain without engaging in the level of violence he chose to employ certainly weighs in favor of the application of the innocent victim factor (and in part forms the basis for it); however, this in no way invalidates the fact that he killed the victims in order to acquire an ill-gotten pecuniary

---

[4]     The jury found both statutory aggravators and all four nonstatutory aggravators beyond a reasonable doubt. *See* ECF Nos. 856 & 857 at pp. 3–4.

[5]     In support of this contention, Defendant cites portions of the Government's closing argument. *See* ECF No. 866 at pp. 3–4.

gain.

ECF No. 289 at p. 21. There was nothing "inherently contradictory" about these two aggravators. The Court has found no authority supporting Defendant's position, and Defendant has not established a basis for a new sentencing hearing or that his constitutional rights to due process and a reliable sentencing determination under the Fifth and Eighth Amendments were violated.

The Court will deny Defendant's motion with respect to his first argument.

## B. Nondelegation Issue

Defendant makes a "non-delegation argument" contending "[t]he FDPA and the Court's judgment unconstitutionally delegate the authority to determine the form of [his] punishment." *See* ECF No. 866 at pp. 5–8. Specifically, he contends that 18 U.S.C. § 3596(a) impermissibly delegates legislative authority to the judiciary, and that both § 3596(a) and the criminal judgment entered by this Court (which cites § 3596(a), *see* ECF No. 860) impermissibly delegate the form of capital punishment to the State of South Carolina. *See* ECF No. 866 at pp. 7–8.[6]

"The nondelegation doctrine is rooted in the principle of separation of powers that underlies our

---

[6] Although not raised by the Government, the Court *sua sponte* questions whether it has jurisdiction to rule on the merits of Defendant's argument, which presents a challenge to the *implementation* of his death sentences—not their validity. It would seem that such a challenge normally would be made in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition."); *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (same); *see, e.g.*, *Higgs v. United States*, 711 F. Supp. 2d 479, 556 (D. Md. 2010) (holding the defendant's challenge to 18 U.S.C. § 3596(a) had to be brought in a § 2241 action); *Jackson v. United States*, 638 F. Supp. 2d 514, 614–15 (W.D.N.C. 2009) (involving a challenge to § 3596(a) where the Government pointed out the district court "lack[ed] jurisdiction to entertain a challenge to the manner of the execution of the [p]etitioner's sentence of death [because] any such attack must occur, when ripe, in the district in which he is confined through a habeas proceeding or a civil action"); *United States v. Caro*, 2006 WL 1594185, at *3 (W.D. Va. June 2, 2006) (indicating the defendant's challenge to the execution of any potential death sentence needed to be brought in a § 2241 action), *adopted by*, 2006 WL 2987930 (W.D. Va. Oct. 17, 2006). *However*, the Court notes that the Eleventh Circuit addressed a similar argument on the merits in the context of a direct appeal, *see United States v. Battle*, 173 F.3d 1343, 1350 & n.2 (11th Cir. 1999), and that the Court's own judgment references 18 U.S.C. § 3596(a), and therefore the Court will address the merits out of an abundance of caution.

tripartite system of Government." *Mistretta v. United States*, 488 U.S. 361, 371 (1989). "The principle of non-delegation requires that core governmental power must be exercised by the Department on which it is conferred and must not be delegated to others in a manner that frustrates the constitutional design." *Kerpen v. Metro. Washington Airports Auth.*, 907 F.3d 152, 160 (4th Cir. 2018) (internal quotation marks omitted); *see, e.g.*, *Gundy v. United States*, 139 S. Ct. 2116 (2019) (involving nondelegation of legislative power); *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159 (4th Cir. 2019) (involving nondelegation of judicial power).

> Thus, when the Constitution vests "all legislative Powers" in a Congress of the United States, "the executive Power" in a President of the United States, and "the judicial Power" in one Supreme Court and such courts as Congress may establish, *see* U.S. Const. art. I, § 1; *id.* art. II, § 1; *id.* art. III, § 1, a nondelegation principle serves both to separate powers as specified in the Constitution, *see, e.g.*, *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 472 (2001), and to retain power in the governmental Departments so that delegation does not frustrate the constitutional design. Moreover, because the Constitution's text "permits no delegation of those powers," *see Whitman*, 531 U.S. at 472, in exercising conferred powers, a Department may authorize a person or body to act on its behalf only by designating "'an intelligible principle to which the person or body authorized to act is directed to conform.'" *Id.* (quoting *J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394, 409 (1928)).

*Pittston Co. v. United States*, 368 F.3d 385, 394 (4th Cir. 2004) (one internal citation omitted). "An 'intelligible principle' need not be exactly precise to satisfy the requirements of the non-delegation principle. Quite the opposite: a broad standard will sufficiently cabin another Department's discretion." *Kerpen*, 907 F.3d at 161 (cleaned up).[7]

---

[7] "Successful non-delegation challenges are rare. The Supreme Court has invoked the doctrine of unconstitutional delegation to invalidate a law only a handful of times in its history. This is because the limits of delegation must be fixed according to common sense and the inherent necessities of the governmental co-ordination. Accordingly, it is small wonder that courts have almost never felt qualified to second-guess Congress regarding the permissible degree of policy judgment that can be left to those executing or applying the law." *Kerpen v. Metro. Washington Airports Auth.*, 907 F.3d 152, 162–63 (4th Cir. 2018) (cleaned up).

Section 3596(a) of the FDPA provides:

> A person who has been sentenced to death pursuant to this chapter shall be committed to the custody of the Attorney General until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence. *When the sentence is to be implemented, the Attorney General shall release the person sentenced to death to the custody of a United States marshal, who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed.*[8] If the law of the State does not provide for implementation of a sentence of death, the court shall designate another State, the law of which does provide for the implementation of a sentence of death, and the sentence shall be implemented in the latter State in the manner prescribed by such law.

18 U.S.C. § 3596(a) (emphasis added). The Court imposed Defendant's sentence in the State of South Carolina, and under South Carolina law, a death sentence is implemented by lethal injection or electrocution. *See* S.C. Code Ann. § 24–3–530(a). In Defendant's criminal judgment, the Court applied § 3596(a) by ordering that:

> Defendant is committed to the custody of the Attorney General until the exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentences. See 18 U.S.C. Sec. 3596(a). When the sentence of death is to be implemented, the Attorney General shall release the defendant to the custody of a United States Marshal, who shall supervise the implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed. See 18 U.S.C. Sec. 3596(a).

ECF No. 860 at p. 3.

Defendant argues *both legislative and judicial* power have been unconstitutionally delegated. However, the Court concludes that neither § 3596(a) nor the Court's judgment violate the nondelegation doctrine. First, this Court's judgment does not delegate a judicial function to the State of South

---

[8] This italicized portion is the subject of Defendant's argument.

7

Carolina, *see In re Search Warrant*, 942 F.3d at 176 (stating the judicial power "includes 'the duty of interpreting and applying' the law" (quoting *Massachusetts v. Mellon*, 262 U.S. 447, 488 (1923)), and this Court's judgment simply applied the law. Second, § 3596(a) does not delegate any legislative power to this Court. *See United States v. Bourgeois*, 423 F.3d 501, 509 (5th Cir. 2005) (discussing, *inter alia*, § 3596(a), agreeing with the appellant that "Congress did not delegate any power to the district court to determine the mode of carrying out a death sentence," and recognizing "no provision of the FDPA delegates any such power to the Third Branch[9]"). Finally, at best Defendant argues that Congress—by enacting § 3596(a)—actually delegated a legislative function to the State; however, § 3596(a) "is a constitutional delegation of federal power." *United States v. Battle*, 173 F.3d 1343, 1350 & n.2 (11th Cir. 1999) (applying the "intelligible principle" doctrine and rejecting the argument that § 3596(a)'s "delegation of the mode of execution to the state violates the Constitution"); *see also Wilkerson v. Utah*, 99 U.S. 130, 137 (1878) (involving a statute that did not "prescribe[] the mode of executing the sentence" but instead imposed a duty upon the sentencing court "to determine the mode of execution and to impose the sentence prescribed"); *United States v. Tipton*, 90 F.3d 861, 901–903 (4th Cir.1996) (holding another federal death penalty statute did not violate the nondelegation doctrine even though, at that time, it provided *no* method of execution).[10]

    The Court will deny Defendant's motion as to his nondelegation argument.

---

[9]     The Third Branch of Government is the Judiciary. *Bank Markazi v. Peterson*, 136 S. Ct. 1310, 1322 (2016).

[10]     Defendant acknowledges *Battle* (and *Tipton*) in his motion but contends the "intelligible principle" test has been called into question by Justice Gorsuch's recent dissent in *Gundy*, *supra*. *See* ECF No. 866 at pp. 6–7 (citing *Gundy*, 139 S. Ct. at 2140 (Gorsuch, J., dissenting) (observing the "intelligible principle" phrase made in the Supreme Court's 1928 *J.W. Hampton* decision "eventually began to take on a life of its own"; and criticizing the "mutated version of the 'intelligible principle' remark")). Defendant further suggests the Court should apply "a much stricter test" as articulated in Justice Gorsuch's dissent. *See* ECF No. 866 at p. 7. However, the Court is bound to follow Supreme Court precedent, including the intelligible principle doctrine as articulated in controlling Supreme Court decisions.

### **Conclusion**

For the foregoing reasons, the Court **DENIES** Defendant's motion [ECF No. 866].

**IT IS SO ORDERED.**


Florence, South Carolina                          s/ R. Bryan Harwell
December 17, 2019                                R. Bryan Harwell
                                                                                 Chief United States District Judge