**No.**

_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

_____

## In re BRANDON MICHAEL COUNCIL,
Appellant.

_____

## PETITION FOR WRIT OF MANDAMUS

_____

Angela S. Elleman
Chief, Capital § 2255 Unit
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org

Charity L. Brady
Assistant Federal Defender
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Phone: 317-383-3520
E-Mail: charity_brady@fd.org
*Seeking Admission to Fourth Circuit*

F. Italia Patti
Assistant Federal Defender
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Phone: 317-383-3520
E-Mail: italia_patti@fd.org
*Seeking Admission to Fourth Circuit*

*Attorneys for Defendant-Appellant*

# Table of Contents

Table of Authorities.................................................................................ii

Introduction.........................................................................................1

Statement of the Case.............................................................................1

Argument.............................................................................................4

    A.  Mr. Council has no other adequate means of relief.........................5

    B.  Mr. Council's right to the issuance of the writ is clear and
indisputable.................................................................................6

    C.  Mandamus relief is appropriate under the circumstances. ...........7

Conclusion ...........................................................................................8

Certificate of Compliance......................................................................10

Certificate of Service ...........................................................................11

# Table of Authorities

## Cases

*Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367 (2004) ...........................5

*Cooper v. Oklahoma,* 517 U.S. 348 (1996) .................................8

*Dusky v. United States*, 362 U.S. 402 (1960) .............................8

*Godinez v. Moran,* 509 U.S. 389 (1993) ...................................8

*In re Hood*, 135 F. App'x 709 (5th Cir. 2005).............................4

*In re Trappier*, No. 22-1929, 2022 WL 17103804 (4th Cir.) ...................4

*United States v.* Council, 145 S. Ct. 350 (2024).........................2

*United States v. Council*, 77 F.4th 240 (4th Cir. 2023) .........................1

*Will v. Calvert Fire Ins. Co.*, 437 U.S. 655 (1978)......................5

## Statutes

28 U.S.C. § 2255 ...............................................................2

Fed. R. App. P. 24 (a)(3) ...................................................1

## Other Authorities

A.B.A Guidelines for the Appointment and Performance of Counsel in
   Death Penalty Cases, *Hofstra Law Review*, Vol. 31; Iss. 4, Article 2 ...2

A.B.A. Criminal Justice Standards on Mental Health.............................2

## Introduction

Brandon Council petitions this Court for a writ of mandamus ordering United States District Judge Joseph Dawson, III to issue a ruling on Mr. Council's motion seeking a contact visit for a neuropsychological evaluation.[1] The motion has been pending since May 22, 2025. Despite counsel's repeated attempts to have the district court resolve the motion, the court has neither acted nor provided any explanation for why the motion remains undecided four months later.

## Statement of the Case

On September 24, 2019, Mr. Council was convicted of two counts related to the deaths of two individuals during a bank robbery. Mr. Council was subsequently sentenced to death. Following a direct appeal, the Fourth Circuit affirmed Mr. Council's convictions and sentence, and the Supreme Court denied certiorari. *United States v. Council*, 77 F.4th 240 (4th Cir. 2023), *cert. denied,* 145 S. Ct. 350 (2024). On December 23, 2024, President Joseph R. Biden issued an executive

---

[1] Mr. Council has been permitted to proceed *in forma pauperis* below. Thus, he should be permitted to proceed *in forma pauperis* before this Court pursuant to Fed. R. App. P. 24 (a)(3).

1

grant of clemency commuting Mr. Council's sentence to life without the possibility of parole.

In September 2024, the district court appointed counsel to represent Mr. Council during proceedings related to 28 U.S.C. § 2255. Pursuant to the appointment, counsel are bound by ethical and legal obligations, including their obligations under the A.B.A Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases[2], *Hofstra Law Review*, Vol. 31; Iss. 4, Article 2, Guideline 10.5 ("Relationship with the Client"), Guideline 10.8 ("The Duty to Assert Legal Claims"), Guideline 10.15.1 ("Duties of Post-Conviction Counsel") (rev. 2003); and the A.B.A. Criminal Justice Standards on Mental Health, Standard 7-1.4, ("Roles of the attorney representing a defendant with a mental disorder") (2016). To fulfill these obligations, counsel must investigate all potential avenues of relief for Mr. Council. Mr. Council's motion for post-conviction relief pursuant to § 2255 has a current deadline of October 7, 2025.

On May 22, 2025, undersigned counsel filed an *ex parte* motion with the district court seeking an order that would allow an expert

---

[2] Available at: https://scholarlycommons.law.hofstra.edu/hlr/vol31/iss4/2.

witness to have a contact visit for the purpose of conducting a neuropsychological evaluation of Mr. Council. The request was made after counsel was informed by USP Terre Haute, where Mr. Council is currently incarcerated, that a court order was required to accommodate the visit. Counsel was not seeking funding from the district court to conduct the evaluation.

Counsel's experience and investigation to date has led to the conclusion that an assessment of Mr. Council's current cognitive functioning and ability to consult with counsel is relevant and necessary to identify evidence and make appropriate decisions about his § 2255 proceedings. Additionally, the expert licensed psychologist who will conduct the evaluation has already reviewed numerous documents related to Mr. Council and, based on that review, has determined that an assessment is necessary.

In its motion, counsel explained the need for the matter to be resolved expeditiously given the severity of Mr. Council's symptoms and the potential transfer to a different prison. Undersigned counsel also contacted Judge Dawson's chambers on numerous occasions to inform the district court of the need to resolve the motion. The motion,

3

however, remains unresolved without any explanation from the district court.

## Argument

As this Court has frequently held, "[u]nreasonable delay in the district court may be cause for mandamus relief." *In re Trappier*, No. 22-1929, 2022 WL 17103804, at *1 (4th Cir. Nov. 22, 2022). Indeed, many courts have issued the writ to address the district court's undue delay in resolving pending matters. *See In re Hood*, 135 F. App'x 709, 711 (5th Cir. 2005) (finding issuance of writ appropriate to address seven-month delay in resolving motion); *In re United States ex rel. Drummond*, 886 F.3d 448 (5th Cir. 2018); *Johnson v. Rogers*, 917 F.2d 1283 (10th Cir. 1990); *McClellan v. Young*, 421 F.2d 690 (6th Cir. 1970). This understanding follows a clear mandate from the Supreme Court: "There can be no doubt that, where a district court persistently and without reason refuses to adjudicate a case properly before it, the court of appeals may issue the writ [of mandamus]." *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661-62 (1978).

Three conditions must be met for a writ of mandamus: (1) the petitioner must have "no other adequate means to attain the relief he

4

desires," (2) the petitioner demonstrates his "right to issuance of the writ is clear and indisputable," and (3) mandamus relief is otherwise "appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004). The Supreme Court has been clear that while these conditions are "demanding," they "are not insuperable." *Id.* at 381.

As discussed below, Mr. Council satisfies all three requirements. Accordingly, a writ of mandamus should be issued directing the district court to rule on the pending motion.

**A. Mr. Council has no other adequate means of relief.**

Absent a court order, officials at USP Terre Haute, and other BOP facilities where Mr. Council may be held, will not allow outside experts to conduct psychological evaluations. Undersigned counsel even proposed conducting the evaluation via video conference, which is not the desired method. That request was also denied. Additionally, counsel has repeatedly contacted Judge Dawson's chambers regarding the pending motion, but there continues to be no resolution. Without a court order, Mr. Council is simply left without recourse and cannot conduct a critical aspect of the required investigation for his § 2255 proceedings.

Additionally, without a clear understanding of Mr. Council's complex mental health, counsel is unable to fulfill their ethical and legal obligations to him.

### B. Mr. Council's right to the issuance of the writ is clear and indisputable.

Mr. Council's right to mandamus relief is clear and indisputable. There is no discernible reason why the district court will not rule on a motion that has been pending for four months. Mr. Council's motion is routine. The motion is a simple request for an expert to evaluate undersigned counsel's own client. As it was appropriately filed *ex parte*, it does not even require a response from the government, let alone complex litigation or months of deliberation. Indeed, it is the simplest of requests: allow a psychologist, at counsel's expense, to conduct an evaluation of counsel's own client, following the procedure required by the prison where he is housed. It is the kind of request that is frequently made and granted in courts around the country every day.

Counsel has made this request to the district court for a psychological assessment in consultation with the expert witness who will conduct the evaluation and has reviewed numerous records pertaining to Mr. Council's mental health. After consulting with the

6

expert, counsel believes a psychological evaluation is necessary to identify relevant evidence and make appropriate decisions related to Mr. Council's § 2255 proceedings. The evaluation cannot occur without the district court ruling on counsel's routine motion.

### C. Mandamus relief is appropriate under the circumstances.

Given the impending deadline for Mr. Council's § 2255 motion, mandamus relief in this matter is appropriate. Counsel has an ethical obligation to investigate all matters that may be presented in Mr. Council's § 2255 motion, but that obligation cannot be met where there are ongoing and uninvestigated concerns regarding Mr. Council's mental health. Based on counsel's investigation, review of records, and observations of Mr. Council, counsel have serious concerns about his current cognitive functioning and his ability to reasonably consult with his attorneys. *See, e.g., Cooper v. Oklahoma,* 517 U.S. 348 (1996); *Godinez v. Moran*, 509 U.S. 389 (1993); *Dusky v. United States*, 362 U.S. 402 (1960).

As previously stated, this is not a complex motion, nor has the district court provided any reasoning for the extraordinary delay in resolving the motion properly before it. Any continued delay in issuing

the requested order will place counsel in the untenable position of filing Mr. Council's § 2255 motion without a full investigation and without critical information necessary to assess his mental health. Accordingly, mandamus relief is more than appropriate under the circumstances.

## Conclusion

Mr. Council has satisfied the mandamus requirements as he has no other means of adequate relief, has a clear and indisputable right to the issuance of the writ, and the circumstances warrant relief. The motion before the district court is a simple request asking for a licensed psychologist to be allowed to conduct an assessment. It is unreasonable for the motion to be pending four months later. Accordingly, this Court should issue a writ of mandamus directing the district court to resolve Mr. Council's motion.

Respectfully submitted,

/s/
Angela S. Elleman
Chief, Capital § 2255 Unit
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org

*/s/*
Charity L. Brady
Assistant Federal Defender
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Phone: 317-383-3520
E-Mail: charity_brady@fd.org
*Seeking Admission*

*/s/*
F. Italia Patti
Assistant Federal Defender
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Phone: 317-383-3520
E-Mail: italia_patti@fd.org
*Seeking Admission*

## Certificate of Compliance

1. This petition complies with the type-volume limit of <u>Fed. R. App. P. 21(d)(l)</u> because, excluding the parts of the document exempted by <u>Fed. R. App. P. 32(f)</u>, this petition contains 1446 words.

2. This document complies with the typeface requirements of <u>Fed. R. App. P. 32(a)(5)</u> and type style requirements of <u>Fed. R. App. P. 32(a)(6)</u> because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font in Century Schoolbook type style.

Dated: September 26, 2025

*/s/*
Angela S. Elleman

Attorney for Defendant-Appellant
Brandon Council

10

## Certificate of Service

I hereby certify that on September 26, 2025, I served copies of the foregoing document and attached exhibits by United States Postal Service and email on counsel for the government, Everett McMillian (everett.mcmillian@usdoj.gov), and on the district court, Hon. Joseph Dawson, III (dawson_ecf@scd.uscourts.gov).

Dated: September 26, 2025

/s/
Angela S. Elleman

Attorney for Defendant-Appellant
Brandon Council

11